UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KIMBERLEIGH D. VEVO,

              Plaintiff,                      **MEMORANDUM & ORDER**

    against                           17-CV-2370 (PKC)


NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

              Defendant.
-------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

      Plaintiff Kimberleigh D. Vevo ("Plaintiff") brings this action under 42 U.S.C.§ 405(g),

seeking judicial review of the Social Security Administration's ("SSA") denial of her claim for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties

have cross-moved for judgment on the pleadings. (Dkts. 11, 15.) For the reasons set forth below,

the Court grants Plaintiff's motion for judgment on the pleadings and denies the Commissioner's

motion. The case is remanded for further proceedings consistent with this Order.

## BACKGROUND

      On November 4, 2011, Plaintiff filed an application for DIB and SSI, claiming that she had

been disabled since April 7, 2011. (Tr. 326-32, 353.)[1] The claim was initially denied on March

28, 2012. (Tr. 139-44.) After her claim was denied, Plaintiff requested a hearing on May 22, 2012

and appeared for a hearing before an Administrative Law Judge ("ALJ") on June 18, 2013. (Tr.

41-93, 147-48.) By a decision dated July 31, 2013, ALJ David Z. Nisnewitz found that Plaintiff

was not disabled within the meaning of the Social Security Act (the "Act"), from the alleged onset

---

[1] All references to "Tr." refer to the consecutively paginated Administrative Transcript.

of her disability on April 7, 2011 through the date of the ALJ's decision. (Tr. 119.) On August 19, 2013, Plaintiff requested a review of the decision by ALJ Nisnewitz (Tr. 186-88) and the Appeals Council vacated and remanded the case on May 19, 2014. (Tr. 134-38.) On remand, Plaintiff appeared for a hearing before ALJ Vincent M. Cascio on July 23, 2015. (Tr. 94-113.) In a decision dated August 14, 2015, ALJ Cascio found that Plaintiff was not disabled under the Act from the alleged onset of her disability on April 7, 2011 through the date of ALJ Cascio's decision. (Tr. 8-23.) On August 31, 2015, Plaintiff requested a review of this decision by ALJ Cascio. (Tr. 39.) In a notice dated February 17, 2017, the Appeals Council denied Plaintiff's request for review. (Tr. 1-7.) Based upon this denial, Plaintiff timely filed this action seeking reversal or remand of ALJ Cascio's August 14, 2015 decision.

## DISCUSSION

A district court reviewing a final decision of the Commissioner must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). If there is substantial evidence in the record to support the Commissioner's factual findings, they are conclusive and must be upheld. 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted).

Plaintiff challenges ALJ Cascio's decision on four grounds. First, Plaintiff argues that the ALJ failed to properly weigh the medical opinion evidence. (Dkt. 12, at ECF 15.)[2] Second,

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Plaintiff contends that the ALJ did not correctly determine Plaintiff's residual functional capacity ("RFC"). (*Id.*) Third, Plaintiff maintains that the ALJ erred in its evaluation of Plaintiff's credibility. (*Id.* at ECF 22.) Fourth, Plaintiff asserts that the Appeals Council did not properly consider new medical evidence. (*Id.* at ECF 25.) For the reasons stated below, the Court finds that the ALJ failed to properly weigh the medical opinion evidence and develop the record to properly determine Plaintiff's RFC. Therefore, the Commissioner's decision is remanded.[3]

First, ALJ Cascio failed to properly evaluate the objective medical evidence when determining that Plaintiff's depression, which ALJ Cascio found to be "severe," did not meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). (Tr. 14.) In this case, ALJ Cascio gave "less weight" to the opinion of Dr. Lober Cervantes, Plaintiff's treating physician, because it was "inconsistent with the medical record as a whole" and because ALJ Cascio found that it contained inconsistencies. (Tr. 20.) Specifically, the ALJ found that Dr. Cervantes's opinion about Plaintiff's significant work limitations due to her depression, including that she would have "marked limitations . . . [that have] left her unable to concentrate, follow instructions, handle stress or interact with others; rending her disabled and unable to engage in any occupation" (*id.*; *see also* Tr. 857-60) were inconsistent with the opinion of the consultative examiner, Dr. Sharon Grand, who, based solely only a review of Plaintiff's

---

[3] Because this Court reverses and remands on these grounds, the Court need not address Plaintiff's other arguments. However, on remand, the assigned ALJ should give appropriate consideration to the new medical evidence Plaintiff submitted to the Appeals Council, which includes a psychiatric evaluation done by Dr. Azariah Eshkenazi dated January 7, 2016, and which purports to "confirm the opinions and findings provided by the treating and examining sources." (Tr. 1092-99.) *See Tirado v. Bowen*, 842 F.2d 595, 596 (2d Cir. 1988) (discussing how a court may "recognize . . . [the possibility of] no finality to administrative and judicial determinations" yet finding that "room must be allowed in the process for the fact that a claimant's medical condition may not be fully diagnosed or comprehended at the time of her hearing.").

medical records, opined that Plaintiff had "no major problems . . . from 2/13, 3/13, and onward." (Tr. 80.)  Additionally, the ALJ noted that Dr. Cervantes's opinion was inconsistent because other "mental status exams in the record" were not displaying the same consistent abnormalities as shown in Dr. Cervantes's medical opinions, and, therefore, Dr. Cervantes' opinion deserved "little weight".  (Tr. 20.)

On these issues, the ALJ misconstrued the record and erred in his application of the treating physician rule, which "requires deference to the medical opinion of a claimant's treating physician[,]" *Halloran v. Barnhart,* 362 F.3d 28, 32 (2d Cir. 2004); 20 C.F.R. § 404.1527(d)(2), where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [that] [are] not inconsistent with the other substantial evidence" in the record, 20 C.F.R. § 404.1527(c)(2); SSR 96-2p.  Indeed, ALJ Cascio acknowledges this standard when evaluating consultative examiner Dr. Sharon Grand's opinion, stating that "[g]enerally, the opinion of a non-examining source is entitled to less weight than the opinion of a treating or examining source. Such an opinion can never be given controlling weight".  (Tr. 20.)

Further, to the extent that Dr. Grand's and Dr. Cervantes's opinions were inconsistent with each other, the ALJ had an affirmative duty to develop the record.  *See, e.g., Green–Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).  An ALJ "cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999).  It is incumbent upon the ALJ that "if a physician's report is believed to be insufficiently explained, lacking in support, or inconsistent with the physician's other reports, the ALJ must seek clarification and additional information from the physician, as needed, to fill

any clear gaps before rejecting the doctor's opinion." *Correale–Englehart v. Astrue,* 687 F. Supp. 2d 396, 428 (S.D.N.Y. 2010).

Instead, here, the ALJ placed "great weight" on consultative expert Dr. Grand[4] because she had "an awareness of all the evidence in the record" (Tr. 20), and dismissed Dr. Cervantes's reports as being inconsistent with Dr. Grand's findings without further probing into why Dr. Cervantes's medical opinions were ostensibly inconsistent. *Butts,* 388 F.3d at 386; *Rosa,* 168 F.3d at 83; *Suide v. Astrue,* 371 F. App'x 684, 689–90 (7th Cir. 2010) (holding that "it is not the ALJ's evaluation of [the treating physician's] reports that requires a remand in this case[;] . . . it is the evidentiary deficit left by the ALJ's rejection of his reports—not the decision itself—that is troubling."). For example, "[i]f [the ALJ] asked . . . [Dr. Cervantes, he] might have been able to provide a medical explanation for why . . . [Plaintiff's] condition deteriorated [or changed] over time." *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998).

Further, the ALJ's conclusions that Plaintiff has exams showing a "normal mental status . . . throughout the record" (Tr. 20) and that Plaintiff "show[s] depression and sleep disturbance '*only'* when she skips her medication" (Tr. 17 (emphasis added)) are not substantially supported by the record. Indeed, though Plaintiff did "show[] problems with [taking] her psychotropic meds" (Tr. 705), the record demonstrates Plaintiff's mental health was impaired both when she was on and off of her medication. (Tr. 862, 458, 704-05, 859-60, 1097-99.)

Second, the ALJ was not entitled to draw his own medical conclusions about Plaintiff's RFC by "substitut[ing] his own expertise or view of the medical proof for the treating physician's opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). ALJ Cascio appears to insert his

---

[4] It should be noted that Dr. Grand stated in her testimony at the hearing before ALJ Cascio: "I can't say that I was able to read every single note in this record." (Tr. 82.)

own lay opinion for that of the medical opinions of treating physician Dr. Cervantes, where he writes that "in consideration of the treating records of Ms. Cruz [and] Dr. Cervantes, which indicate that the [Plaintiff] experiences depressive symptomology, I have limited [Plaintiff] to understanding, remembering and carrying out simple routine repetitive work tasks in [] low stress jobs with only occasional decision making". (Tr. 17.) ALJ Cascio's opinion appears to contradict the majority of medical providers' functional assessments in the record, including that of Dr. Cervantes, which found that Plaintiff had marked limitations . . . [that have] left her unable to concentrate, follow instructions, handle stress or interact with others; rendering her "disabled and unable to engage in *any* occupation." (Tr. 20, 857-60 (emphasis added).)[5] In assessing Plaintiff's RFC, ALJ Cascio therefore improperly substituted his own opinion for that of her treating

---

[5] The ALJ's conclusion also appears to contradict the findings and functional assessment of Dr. "N." Shilselberg, M.D., a consultative psychiatrist, finding Plaintiff to have moderate limitations "in the ability to maintain a regular schedule and complete a workweek without interference from psychologically based symptoms, accepting instructions and responding appropriately to criticism from supervisors and making simple work related decisions" (Tr. 19, 482-83), as well as the functional assessment of Margarita E. Cruz, LCSW-R, finding Plaintiff to have moderate limitations "in understanding and remembering one-to-two step instructions and work procedures, performing activities within a schedule and consistently being punctual, getting along with co-workers . . . and performing at a consistent pace without unreasonable periods of rest", and "moderate-to-marked limitation in completing a workday without interruptions for psychological symptoms." (Tr. 19, 743.) Supplemental record materials submitted by Dr. Eshkenazi, Plaintiff's more recent examining psychiatrist, also include a functional assessment completed on January 7, 2016, which found Plaintiff to have "marked" limitations in the ability to understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; and to make plans independently, and "moderate-to-marked" limitations in the ability to understand and remember one-to-two step instructions; make simple work-related decisions, and complete a workday without interruptions from psychological symptoms, among other limitations. (Tr. 1095-96.)

physician, Dr. Cervantes, as well as those of the majority of her mental health providers. *Greek*, 802 F.3d at 370.

Finally, even if the ALJ applied the correct legal standard in according less weight to Plaintiff's treating physician, Dr. Cervantes, "the ALJ . . . failed to follow SSA guidelines requiring the consideration of several specific factors[6] in determining how much weight those reports should receive." *Brown v. Comm'r of Soc. Sec.*, No. 06-CV-3174 (ENV) (MDG), 2011 WL 1004696, at *5 (E.D.N.Y. Mar. 18, 2011). Pursuant to SSA regulations, after consideration of the factors, the Commissioner is required to "always give good reasons in . . . [the] notice of determination or decision for the weight . . . give[n to] [Plaintiff's] treating source's opinion. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Here, such analysis in the ALJ's determination, essentially writing-off Dr. Cervantes's opinions, is fleeting at best. (Tr. 20.) *See Snell v. Apfel,* 177 F.3d 128, 133 (2d Cir. 1999) (finding that a failure to provide "good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand."); *see also Halloran*, 362 F.3d at 33 (finding that courts "will continue remanding when we encounter opinions from ALJ[s] that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion.").

Accordingly, this case should be remanded for further development of the record and further proceedings consistent with this order.

---

[6] These factors include: (i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other relevant factors. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

**CONCLUSION**

For the reasons set forth above, the Court grants Plaintiff's motion for judgment on the pleadings and denies the Commissioner's cross-motion. The Commissioner's decision is remanded for further consideration consistent with this Order. The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: August 17, 2018
      Brooklyn, New York